David B. Rosenbaum, 009819
Anne M. Chapman, 025965
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
achapman@omlaw.com
drosenbaum@omlaw.com

Eugene F. Assaf, DC Bar 449778 (*Pro Hac Vice*)
K. Winn Allen, DC Bar 1000590 (*Pro Hac Vice*)
Kirkland & Ellis, LLP
655 Fifteenth St. N.W.
Washington, D.C. 20005
(202) 879-5078
eugene.assaf@kirkland.com
winn.allen@kirkland.com

Douglas H. Meal, MA Bar 340971 (*Pro Hac Vice*)
Ropes & Gray, LLP
Prudential Tower, 800 Boylston Street
Boston, MA  02199-3600
(617) 951-7517
douglas.meal@ropesgray.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Federal Trade Commission,<br><br>   Plaintiff,<br><br>vs.<br><br>Wyndham Worldwide Corporation, et. al.,<br><br>   Defendants. | Case No. CV 12-1365-PHX-PGR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff the Federal Trade Commission ("FTC") recently notified the Court of an opinion issued by the United States District Court for the Northern District of Georgia in *FTC v. LabMD, Inc.*, C.A. No. 1:12-cv-3005 (N.D. Ga. 2012). *See* Pl.'s Notice of Supp. Authority (Dkt. # 68 Nov. 27, 2012). That decision, as the FTC states, "addressed the FTC's jurisdiction to investigate and enforce in the data security arena." *Id*. at 2. But more than simply "address[ing]" the issue, the District Court found that there was "significant merit" to the argument advanced by the defendants in this case—namely, that the FTC lacks authority to regulate data-security under Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45. *See id*., Ex. A at 14.

The decision in *LabMD* stems from the FTC's ongoing investigation of whether LabMD, Inc. failed to employ reasonable data-security measures to protect sensitive personal health information. *See id*., Ex. A at 2. During that investigation, the FTC filed a petition requesting that the District Court enforce an administrative subpoena—known as a Civil Investigative Demand ("CID")—that the Commission had served on LabMD. *See id*., Ex. A at 4. In response, LabMD argued, among other things, that the CID was invalid because Section 5 of the FTC Act does not empower the FTC to regulate data security. *See id*., Ex. A at 11.

In its opinion, the District Court emphasized that LabMD's understanding of the scope of Section 5 was likely correct: "[T]he Court finds there is **significant merit** to [LabMD's] argument that Section 5 does not justify an investigation into data security practices and consumer privacy issues." *Id*., Ex. A at 14 (emphasis added). Nonetheless, the District Court held that LabMD's jurisdictional argument was premature at the subpoena-enforcement stage and would have to be advanced later in the case: "[A] subpoena enforcement proceeding is not the proper forum in which to litigate the question of coverage under a particulate statute." *Id*., Ex. A at 7 (quotations omitted); *see also id*., Ex. A at n. 1 (stating that courts "have generally refused to entertain challenges to agency authority in proceedings to enforce compulsory process") (quotations omitted). The reason is because "the Court's inquiry at the enforcement

1

stage is limited." *Id.*, Ex. A at 8.  For a subpoena to be enforced, an agency need only make a "*plausible* argument in support of its assertion of jurisdiction." *Id.*, Ex. A at 7 (quotations omitted and emphasis added).  So long as the agency's assertion of authority "is not obviously apocryphal," *id.*, Ex. A at 7 (quotations omitted), the subpoena will be enforced, regardless of whether the agency is ultimately found to have jurisdiction or not.  Thus, although the District Court saw "significant merit" to the argument that the FTC lacks any authority at all to regulate data security under Section 5, it nonetheless held that it was at least "plausible" for the FTC to claim that authority.  *Id.*, Ex. A at 14-15.

This case is in a much different posture.  Far from merely trying to enforce a subpoena, the FTC has brought suit seeking damages and injunctive relief for Defendant Wyndham Hotels and Resort's ("WHR's") alleged substantive violations of the FTC Act.  The FTC, accordingly, must do much more in this case than establish a mere "plausible basis" for jurisdiction.  Instead, the Commission must "conclusive[ly]" demonstrate that Section 5 of the FTC Act grants it the authority it purports to wield.  *Id.*, Ex. A at 7 (quotations omitted).  The District Court in *LabMD* recognized that there was "significant merit" to the argument that the FTC cannot make that showing.  And as WHR has explained in its briefs supporting its motion to dismiss—and as the various *amici* that have filed briefs in this case have reiterated—Section 5 of the FTC Act should not be interpreted to grant the FTC unfettered discretion to regulate the data-security practices of the business community.  The Commission's amended complaint should therefore be dismissed.

DATED this 28th day of November, 2012.

OSBORN MALEDON, P.A.

By s/David B. Rosenbaum
   David B. Rosenbaum
   Anne M. Chapman
   2929 North Central Avenue, Suite 2100
   Phoenix, Arizona  85012-2794

2

| | |
|---|---|
| 1 | Eugene F. Assaf, P.C., 449778, *pro hac vice* |
| 2 | K. Winn Allen, 1000590, *pro hac vice* |
|   | Kirkland & Ellis LLP |
| 3 | 655 Fifteenth Street, N.W. |
|   | Washington, D.C.  20005 |
| 4 | |
| 5 | Douglas H. Meal, 340971, *pro hac vice* |
|   | Ropes & Gray, LLP |
| 6 | Prudential Tower, 800 Boylston Street |
|   | Boston, MA  02199-3600 |
| 7 | |
| 8 | Attorneys for Defendants |

3

**CERTIFICATE OF SERVICE**

☒  I hereby certify that on November 28, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

                                              s/Kelly Dourlein