David B. Rosenbaum, 009819
Anne M. Chapman, 025965
Osborn Maledon, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
achapman@omlaw.com
drosenbaum@omlaw.com

Eugene F. Assaf, DC Bar 449778 (*Pro Hac Vice*)
K. Winn Allen, DC Bar 1000590 (*Pro Hac Vice*)
Kirkland & Ellis, LLP
655 Fifteenth St. N.W.
Washington, D.C. 20005
(202) 879-5078
eugene.assaf@kirkland.com
winn.allen@kirkland.com

Douglas H. Meal, MA Bar 340971 (*Pro Hac Vice*)
Ropes & Gray, LLP
Prudential Tower, 800 Boylston Street
Boston, MA  02199-3600
(617) 951-7517
douglas.meal@ropesgray.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Federal Trade Commission,<br><br>     Plaintiff,<br><br>vs.<br><br>Wyndham Worldwide Corporation, et. al.,<br><br>     Defendants. | Case No. CV 12-1365-PHX-PGR<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants in the above-captioned matter hereby notify the Court of a development that provides further support for defendants' motions to dismiss this case as a matter of law. *See* Mot. to Dismiss by Def. Wyndham Hotels & Resorts LLC (Dkt. # 32 Aug. 27, 2012); Mot. to Dismiss by Defs. Wyndham Worldwide Corp., *et al.* (Dkt. # 33 Aug. 27, 2012).

On February 12, 2013, President Obama issued an Executive Order on Improving Cybersecurity for Critical Infrastructure, as well as an accompanying Presidential Policy Directive. *See* Exec. Order No. 13,636, 78 Fed. Reg. 11739 (Feb. 12, 2013) (hereinafter, "Cybersecurity EO") (attached as Exhibit A); Presidential Policy Directive 21, Critical Infrastructure Security and Resilience (Feb. 12, 2013) (attached as Exhibit B). As relevant here, the Executive Order requires the National Institute of Standards and Technology ("NIST") to lead the creation of a baseline set of standards for reducing cyber risks to critical infrastructure—what the Executive Order calls the "Cybersecurity Framework." Cybersecurity EO § 7(a). The Cybersecurity Framework will establish a "set of standards, methodologies, procedures, and processes" for addressing cybersecurity threats, *id.*, and will include "guidance for measuring the performance of an entity in implementing" those standards, *id.* § 7(b). The Framework must also "provide a prioritized, flexible, repeatable, performance-based, and cost-effective approach" that includes specific "information security measures and controls" critical-infrastructure operators can implement to "identify, assess, and manage cyber risk." *Id.* § 7(b). In developing the Cybersecurity Framework, the Director of NIST must "engage in an open public review and comment process." *Id.* § 7(d). Compliance with the Cybersecurity Framework is initially "voluntary," *id.* § 8(a), however federal agencies are directed to develop "incentives" to promote compliance and to assess whether "the agency has clear authority to establish requirements based on the Cybersecurity Framework," *id.* § 10(a).

1  The method of regulation laid out in the Cybersecurity Executive Order starkly contrasts with the approach the Federal Trade Commission has taken to regulating cybersecurity under Section 5 of the FTC Act.  The FTC has not issued any "standards, methodologies, procedures, [or] processes" for complying with Section 5, *id*. § 7(a); it has not established "guidance for measuring the performance of an entity in implementing" data-security protections that might comply with the statute, *id*. § 7(b); it has not identified specific "information security measures and controls" that a business might adopt, *id*. § 7(b); and it has not "engage[d] in an open public review and comment process," *id*. § 7(d).  To the contrary, the FTC has refused to issue ***any*** rules, regulations, or guidelines explaining what data-security protections a company must employ to comply with the Commission's understanding of Section 5.  *See* WHR Mot. to Dismiss at 10-11.  Instead, the FTC has claimed the right to enforce its view of data-security policy through selective enforcement actions founded entirely on *ex post* reasoning.  *See, e.g.*, Br. of *Amici Curiae* Chamber of Commerce, et al., at 7-12.

The bottom-line point is simple.  In the context of regulating critical infrastructure, the Executive branch has determined that governing rules and standards must be developed far in advance of any potential regulatory enforcement efforts and through a full-fledged "public review and comment process." *Id*. § 7(d).  If that is true in the context of critical infrastructure, then surely it is all the more true when the FTC attempts to regulate businesses operating in other sectors of the economy.  For these reasons, and for those stated in defendants' motions to dismiss, the FTC's complaint should be dismissed as a matter of law.

DATED this 27th day of February, 2013.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By /s/ *Eugene F. Assaf*
   Eugene F. Assaf, P.C., 449778, *pro hac vice*
   K. Winn Allen, 1000590, *pro hac vice*
   Kirkland & Ellis LLP
   655 Fifteenth Street, N.W.
   Washington, D.C.  20005

   Douglas H. Meal, 340971, *pro hac vice*
   Ropes & Gray, LLP
   Prudential Tower, 800 Boylston Street
   Boston, MA  02199-3600

   David B. Rosenbaum
   Anne M. Chapman
   Osborn Maledon, P.A.
   2929 North Central Avenue, Suite 2100
   Phoenix, Arizona  85012-2794

   Attorneys for Defendants

**CERTIFICATE OF SERVICE**

☒  I hereby certify that on February 27, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

- **Kristin Krause Cohen;** kcohen@ftc.gov
- **John Andrew Krebs;** jkrebs@ftc.gov
- **Katherine E McCarron;** kmccarron@ftc.gov
- **Kevin H Moriarty;** kmoriarty@ftc.gov
- **Lisa Naomi Weintraub Schifferle;** lschifferle@ftc.gov
- **Andrea V. Arias;** aarias@ftc.gov

Attorneys for Plaintiff, Federal Trade Commission

/s/ *Eugene F. Assaf*

4